IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STACY PAUL BRYANT                                                                    PLAINTIFF

      v.                      Civil No. 6:07-cv-06045

LARRY SANDERS, Sherif,
Garland County; CHIEF HOLT;
CAPTAIN MEL STEED;
LT. JUDGE McMURRIAN;
DEPUTY DAVID AVANT;
DEPUTY JOSH CANNON;
DEPUTY BURROUGHS;
DEPUTY BAKER; DEPUTY
DORIS; and DEPUTY HEDRICK
all of the GARLAND COUNTY
DETENTION CENTER                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, Stacy Paul Bryant, currently a detainee of the Southwest Arkansas Community Correction Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 15, 2007. The complaint was filed subject to a later determination of whether it should be served upon the defendants.

## Background

At the times relevant to the complaint, plaintiff was incarcerated at the Garland County Detention Center. On May 5th, Bryant alleges he and a group of inmates were taken to the library. On their return to the cell block, Bryant states they discovered the named defendants had conducted cell searches.

When he entered his cell, Bryant alleges he discovered his Bible, containing a picture of his Mother who died in 2004, and his children, as well as his personal magazines, a book he had ordered, and his religious materials were all missing. Bryant indicates five other pictures were also

gone. Bryant asserts these pictures cannot be replaced.

Bryant filed a grievance on May 7th and explained what happened. He indicates he has asked if the items taken are in the library or have been placed in his personal property. He states he has been denied permission to look in the library for his magazines and books and was told the items were not in his property box.

Bryant also alleges the defendants cuss at the inmates, call them names, "down grade" them, make remarks about inmate's sexual preference, and take out their hard feelings on them. If the inmates do the same thing, the inmates are locked down for their conduct. Bryant asserts he should be treated with the same amount of respect as he treats the officers.

## Discussion

Bryant's claims are subject to dismissal. First, when an individual is negligently or intentionally deprived of his personal property, the Supreme Court has held that due process is satisfied if the individual has adequate state post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). In this case, a post-deprivation remedy is available because Arkansas recognizes a cause of action for conversion, *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

As conversion is an intentional tort, *Ford Motor Credit Co. v. Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979), the statutory immunity granted to local governments and extended to their employees does not apply. *See Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989). Bryant therefore has an adequate post-deprivation remedy that satisfies due process. This claim fails.

Second, taunts, name calling, and the use of offensive language does not state a claim of

constitutional dimension. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

## Conclusion

Accordingly, I recommend that Bryant's claims be dismissed as they fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Bryant has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Bryant is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of July 2007.

       /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       UNITED STATES MAGISTRATE JUDGE